UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

CHERYL DRISKELL,

                             Plaintiff,

          - against -

NEW YORK CITY, N.Y.C. BOARD OF
EDUCATION, UNITED FEDERATION OF
TEACHERS (UFT), PRINCIPAL ELLEN
CARLISLE, PORTIA CAMPBELL,
ASSISTANT PRINCIPAL, PAULA BELL,
ASSISTANT PRINCIPAL, MS.
CARRINGTON, RICK KING, BRENDA
HAWKINS PEGAN, WALTER O'LEARY,
HOWARD SOLOMON, et al.

                             Defendants.
---------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

11 Civ. 4915 (BMC)

Plaintiff *pro se* commenced this action pursuant to 42 U.S.C. § 1983 and moved to proceed *in forma pauperis* on October 7, 2011. By Order dated November 3, 2011, the Court dismissed plaintiff's complaint with twenty-one days leave to file an amended complaint addressing the deficiencies identified by the Court. Plaintiff filed her amended complaint on November 25, 2011. The Court grants plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. For the reasons set forth below, plaintiff's amended complaint is dismissed as to defendants the City of New York, the Board of Education of the City of New York, the United Federation of Teachers (the "UFT"), Rick King, Walter O'Leary, Brenda Hawkins Pegan, and Howard Solomon for failure to state a claim. Plaintiff has asserted colorable federal claims against the remaining defendants, including for a denial of equal protection based on employment discrimination, and for retaliation based upon

plaintiff's exercise of her First Amendment right to free speech. *Sua sponte* dismissal as to these claims and defendants is therefore inappropriate.

## BACKGROUND

Plaintiff worked for the New York City Board of Education for nineteen years, the last eight of which she spent at the Norma Adams Clemmons Academy in Brooklyn, New York as a Title I literacy paraprofessional. Plaintiff alleges that in or around 2007, a sexual encounter between two male students had apparently taken place in the boys' bathroom, and the school administration decided to cover it up. Principal Ellen Carlisle issued a "gag order" forbidding teachers from discussing the alleged encounter, with which plaintiff refused to comply. Plaintiff voiced her concern that it was against the law not to report the matter, and told Assistant Principal Paula Bell that she needed to investigate what happened. Bell stated that she would, and Carlisle subsequently reiterated her prohibition on discussing the incident. These defendants then began "a pattern of harassment, intimidation and retaliation upon plaintiff," and conspired to have plaintiff terminated.

Plaintiff further alleges that at about this time, defendants Carlisle, Bell, and Assistant Principal Portia Campbell began to systematically terminate American-born teachers from the school even though such teachers were senior to foreign-born employees who were being retained. Plaintiff was too senior to be terminated, so defendants instead reassigned plaintiff from the office job she had held for approximately eight years to a classroom position as an aide to a challenging special education student. Defendants also demanded that she perform duties outside the scope of her employment, such as working lunch room duty, which plaintiff refused. Plaintiff asserts that the Board of Education was aware of this discrimination against American-born employees, but took no action in response.

Plaintiff began working with a teacher named Angela Carrington, who upon learning that plaintiff was American and not Haitian, suggested to plaintiff that there was a group of West Indian administrators and teachers that ran the school and used corporal punishment. Carrington then proceeded to make numerous derogatory statements against Americans in plaintiff's presence. Carrington's hostility towards plaintiff allegedly culminated with Carrington punching the student that plaintiff was assigned to assist. Plaintiff reported the punch, but Carlisle, Bell, and Campbell covered up the incident and accused plaintiff of lying. Plaintiff was targeted for termination, at which time she initiated a grievance proceeding. Certain defendants testified at the proceeding and lied about the incident between Carrington and plaintiff's student. Plaintiff was subsequently terminated from her employment.

Throughout this process, plaintiff was represented by the UFT and individual representatives Rick King, Brenda Hawkins Pegan, Walter O'Leary, and Howard Solomon. Plaintiff asserts that these individuals took no action to protect plaintiff's rights. They failed to investigate plaintiff's claims or submit any evidence on behalf of plaintiff, and they failed to demand the fair hearing to which plaintiff was entitled or to appeal her termination. Further, plaintiff asserts that her union representatives entered into a conspiracy to violate her civil rights, and deny plaintiff her rights to due process and equal protection.

Liberally construed, plaintiff's amended complaint asserts the following federal claims against the following defendants:

(1)     A claim for a denial of procedural due process against the Board of Education, the UFT, Rick King, Walter O'Leary, Brenda Hawkins Pegan, and Howard Solomon;

(2)     A claim for a denial of equal protection based on national origin employment discrimination against the City of New York, the Board of Education, Ellen Carlisle, Portia Campbell, Paula Bell, and Angela Carrington; and

(3)     A claim for retaliation based on plaintiff's exercise of her First Amendment right to free speech against defendants Carlisle and Bell.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although courts must construe a *pro se* litigant's pleadings liberally and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## DISCUSSION

I address each of plaintiff's three federal claims for relief in turn below.

### I.  Due Process Claims

To assert a claim for a violation of procedural due process,[1] plaintiff must show that she (1) possessed a protected liberty or property interest; and (2) that she was deprived of that interest without due process of law. See McMenemy v. City of Rochester, 241 F.3d 279, 285-86 (2d Cir. 2001). Plaintiff asserts that the Board of Education and the UFT and its representatives denied plaintiff due process during plaintiff's termination proceeding; however, plaintiff fails to allege sufficient facts to state a plausible claims against these defendants.

First, plaintiff has failed to state a claim that the Board of Education denied plaintiff procedural due process. Even assuming for the purpose of this Order that plaintiff was deprived of a protected liberty or property interest, plaintiff has not alleged any facts to suggest that the process afforded to her by the Board of Education fell below the constitutional minimum. See Narumanchi v. Board of Trustees, 850 F.2d 70, 72 (2d Cir. 1988). Because a plaintiff cannot assert a procedural due process claim when adequate process was available, see id.; Segal v. City of N.Y., 459 F.3d 207, 213-14 (2d Cir. 2006); McMenemy, 241 F.3d at 288-89, the Court instructed plaintiff in its November 3, 2011 Order to describe how the procedures available to plaintiff before and/or after her termination were inadequate. Plaintiff's amended complaint makes clear that she is not alleging inadequate procedures; rather, she alleges that she did not

---

[1] Although plaintiff mentions the term "substantive" in relation to her due process claims on three occasions in her amended complaint, her allegations make clear that she is challenging the procedure by which she was terminated. Thus, plaintiff's claim is properly characterized as a denial of procedural due process. See Velez v. Levy, 410 F.3d 75, 94 (2d Cir. 2005). In any event, plaintiff has not alleged facts sufficient to support a finding that the Board of Education, the UFT, or its representatives engaged in conduct during plaintiff's termination that was "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscious,'" which is required for a violation of substantive due process. Benman v. Whitman, 523 F.3d 119, 126 (2d Cir. 2008) (quoting Pena v. Depisco, 432 F.3d 98, 112 (2d Cir. 2005)).

take advantage of certain of those procedures as a result of the UFT's failure to adequately represent her, and that certain defendants made false statements during her grievance proceeding (an example of the process available to her). Inadequate representation by the UFT and false testimony by witnesses does not overcome the absence of any allegations to suggest that the Board of Education failed to provide her with adequate procedures to challenge her termination and provide her side of the story. Thus, plaintiff's due process claim against the Board of Education is dismissed.

Plaintiff's allegations against the UFT and its representatives are also inadequate. "[T]o state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). Plaintiff does not allege that the UFT is a state actor, nor could she. See id.; Mehrhoff v. William Floyd Union Free Sch. Dist., No. 04-CV-3850, 2007 U.S. Dist. LEXIS 94938, at *8 (E.D.N.Y. Dec. 28, 2007). Instead, plaintiff asserts that her UFT representatives acted under color of state law by conspiring with the school administration to violate her constitutional rights. This conclusory statement must be supported with factual allegations in order to state a claim. See Iqbal, 129 S. Ct. at 1949; Ciambriello, 292 F.3d at 324. However, absent from plaintiff's complaint are any facts that plausibly suggest that the UFT conspired with the school administration or the Board of Education. The mere fact that the UFT failed to provide plaintiff with adequate representation, taken alone, is insufficient to allow the Court to draw a reasonable inference that the defendant is liable for conspiring with state employees to


deny plaintiff due process or any other constitutional right. The UFT and defendants King, Pegan, O'Leary, and Solomon are therefore dismissed from this action.[2]

## II. First Amendment and Equal Protection Claims

On the other hand, plaintiff has alleged a colorable claim against defendants Carlisle and Bell for retaliation based upon plaintiff's exercise of her First Amendment right to free speech. Plaintiff has also alleged a colorable claim for a denial of equal protection based on national origin employment discrimination against defendants Carlisle, Campbell, Bell, and Carrington, based on their alleged knowledge of defendants' discriminatory acts. However, plaintiff has not alleged any facts to support liability for the Board of Education or the City of New York, as a municipality and it agencies may not be held liable under the theory of respondeat superior in a § 1983 action. See Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). Accordingly, the Board of Education and the City of New York are dismissed.

## CONCLUSION

Plaintiff's amended complaint is dismissed as to defendants the City of New York, the Board of Education, the United Federation of Teachers, Rick King, Walter O'Leary, Brenda Hawkins Pegan, and Howard Solomon pursuant to 28 U.S.C. § 1915(e)(2)(B). The action is hereby referred to Magistrate Judge Orenstein for all pretrial matters.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

---

[2] While plaintiff's complaint can be read to assert a claim for a breach of the duty of fair representation, plaintiff may not assert such a claim under federal law, as public employees are not covered by the Labor Management Relations Act, 29 U.S.C § 141 et seq. See Saidin v. N.Y.C. Dep't of Educ., 498 F. Supp. 2d 683, 689 (S.D.N.Y. 2007). Because the Court has dismissed all federal claims against the UFT and its representatives, the Court declines to exercise supplemental jurisdiction over any state law claims against those defendants. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       December 23, 2011