UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                        :

CHERYL DRISKELL,               :

                   Plaintiff,    :

          - against -        :

NEW YORK CITY, N.Y.C. BOARD OF   :
EDUCATION, UNITED FEDERATION OF  :
TEACHERS (UFT), PRINCIPAL ELLEN  :
CARLISLE, PORTIA CAMPBELL,    :
ASSISTANT PRINCIPAL, PAULA BELL,  :
ASSISTANT PRINCIPAL, MS.      :
CARRINGTON, RICK KING, BRENDA   :
HAWKINS PEGAN, WALTER O'LEARY,  :
HOWARD SOLOMON, et al.      :

                 Defendants.  :
------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 4915 (BMC)

**COGAN**, District Judge.

    Plaintiff *pro se* brings this action under 42 U.S.C. § 1983 alleging that she was terminated from her employment as a teaching paraprofessional for speaking out to school administrators about incidents she observed at her school, and that the termination was also the result of national origin discrimination against her as an American. Defendants are four teachers or administrators who allegedly perpetrated these actions. [1] Defendants have moved to dismiss the amended complaint on the ground, *inter alia*, that it is barred by the applicable statute of limitations. The motion must be granted.

    Plaintiff's claims arise out of two incidents. The first occurred sometime in 2007, when plaintiff alleges that she either observed or, more likely, heard about an "incident of a sexual

---

[1] In prior Orders, the Court had dismissed other defendants and claims.

nature" between two boys in a bathroom. According to plaintiff, the school administration directed all staff not to discuss the incident. Plaintiff alleges that when she refused to obey that instruction and reported it internally, she became subject to harassment. The harassment took the form of giving her a more difficult work assignment, one that was outside her job description, and ultimately resulted in her termination effective December 10, 2007. She filed a grievance in connection with her termination which was denied on March 10, 2008.

The second incident occurred on October 29, 2007, when plaintiff observed defendant Carrington, a teacher, strike a student. This culminating act was only one of a number of problems that plaintiff had with Carrington, who plaintiff accuses of national origin discrimination. Carrington allegedly told plaintiff that she (Carrington) was part of a fraternity of West Indian administrators and teachers who "felt they could run the school as if they were in the West Indies where corporal punishment is permissible." Carrington allegedly told plaintiff that she (Carrington) had assumed that plaintiff was Haitian, but plaintiff told Carrington that plaintiff was American. Plaintiff believes that the West Indian administrators engineered her termination because she is American.

Plaintiff commenced this action on October 7, 2011. It is well established that the statute of limitations under 42 U.S.C. § 1983 for claims brought in New York is three years. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (applying personal injury statute of limitations under state law to §1983 claim); Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."); N.Y. C.P.L.R. §214(5) (three year statute of limitations). Although the New York state statute of limitations is used to compute time, "[f]ederal law determines when a federal claim accrues." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Under federal law, a cause of

action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). In employment discrimination cases, a claim arises "on the date the employee learns of the employer's discriminatory conduct." Flaherty v. Metromail Corp., 235 F.3d 133, 137 (2d Cir. 2000).

Plaintiff was terminated with full knowledge of the circumstances of which she now complains on December 10, 2007. Even if we take the date that her grievance of her termination was rejected (March 10, 2008), she is still well beyond the three years within which she could have commenced this action. She has offered no reason why she could not have commenced the action earlier.

Accordingly, defendants' motion to dismiss is granted, and her federal claims are dismissed. To the extent she has asserted any state law claims that are not time barred, those claims are dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) , that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

S/Judge Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
April 24, 2012